## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORRAINE SYMONS and | : | CIVIL ACTION |
| RUSSELL SYMONS, her husband, | : | |
|     Plaintiffs | : | |
| | : | No. |
| vs. | : | |
| | : | ASSIGNED TO: |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY, | : | |
|     Defendant | : | JURY TRIAL DEMANDED |

### NOTICE OF REMOVAL

Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), by and through its attorneys, Forry Ullman, hereby files the following Notice of Removal:

1.  A Complaint in the above-captioned civil action was filed in the Court of Common Pleas of Luzerne County, Pennsylvania, on April 11, 2018, and served upon State Farm by certified mail, which was received on April 16, 2018. The Complaint was docketed as Luzerne County Court of Common Pleas No. 4327 of 2018. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2.  The Complaint alleges that Plaintiffs, Lorraine Symons and Russell Symons, are adult individuals and citizens of the Commonwealth of Pennsylvania, who reside at 141 East State Street, Larksville, Luzerne County, Pennsylvania. Id. at ¶ 1. It is further believed that Plaintiffs remain citizens of the Commonwealth of Pennsylvania, as of the date of the filing of this Petition for Removal.

3.  The Complaint further alleges that Plaintiffs maintained automobile insurance coverage with State Farm, which included underinsured motorist coverage ("UIM") in the amount of $50,000.00 per person/$100,000.00 per occurrence, stacked for three vehicles,

providing a total of $150,000.00 in UIM coverage, which policies were in effect at all relevant times.  Id. at ¶ 3 through 6 and 25.

4.       The Complaint contends that on June 29, 2018, Plaintiff, Lorraine Symons, was involved in a motor vehicle accident when Kara Carrasquillo (hereinafter the "tortfeasor") failed to yield the right-of-way into Plaintiff's lane of travel, thereby colliding with Plaintiff's vehicle and causing injuries and damages to Lorraine Symons.  Id. at ¶ 7 through 9.

5.       The Complaint further contends that the "collision and resultant injuries and damages sustained by the Plaintiffs, as hereinafter alleged, were caused solely by the negligence and carelessness of Carrasquillo."  Id. at ¶ 10.

6.       The Plaintiffs aver that as a result of the negligence and carelessness of the tortfeasor, Plaintiff, Lorraine Symons, sustained the following injuries:

"a.     Right L4 disc herniation;

b.     Aggravation of pre-existing degenerative osteoarthritis/disc disease of the cervical spine;

c.     Post-decompression laminectomy syndrome;

d.     Cervical radiculopathy;

e.     Cervical nerve root irritation;

f.     Cervical sprain/strain;

g.     Left trigger thumb, ultimately resulting in a surgical left trigger thumb release;

h.     Cervicalgia;

i.     Cervical facet syndrome;

j.     Bilateral trapezius muscle spasms;

k.     Lumbar sprain/strain;

    l.  Thoracolumbar subluxations;

*(sic)* j.  Shoulder joint contracture;

    k.  Thoracic facet syndrome;

    l.  Myofascial pain;

    m.  Left-sided greater trochanter bursitis; and

    n.  Left upper extremity neuropathy."

Id. at ¶ 11.

7. The Plaintiffs further aver that as a result of the negligence and carelessness of the tortfeasor, Plaintiff, Lorraine Symons:

- "was rendered sick, sore, and disabled and sustained physical and mental pain, discomfort and anxiety, thereby causing her to undergo medical, surgical, and chiropractic care, and may in the future, for an indefinite period of time, continue to suffer physical and mental pain, discomfort and anxiety";

- "has been obliged to receive and undergo medical, surgical, and chiropractic care and to incur various bills and expenses, and will in the future, for an indefinite period of time, continue to incur similar bills and expenses";

- "suffered and sustained a loss of the everyday pleasures and enjoyment of life and will in the future, for an indefinite period of time, continue to suffer and sustain an ongoing loss of the everyday pleasures and enjoyments of life";

- "was rendered partially disabled, and may in the future, for an indefinite period of time, continue to be rendered partially disabled";

- "suffered mental anguish, distress, embarrassment and humiliation, and may in the future, for an indefinite period of time, continue to suffer mental anguish, distress, embarrassment and humiliation"; and,

- "suffered a loss of earning capacity and power and may in the future, for an indefinite period of time, continue to suffer lost earning capacity and power."

Id. at ¶ 12 through 17.

8. Plaintiffs allege that as a result of the injuries sustained by Lorraine Symons, Plaintiff, Russell Symons, "has lost and is continuing to lose the companionship, society, and services of his wife, Lorraine Symons, and may in the future, for an indefinite period of time, continue to lose such companionship, society, and services." Id. at ¶ 18.

9. Plaintiffs further allege that the tortfeasor was insured under a policy of insurance with liability limits of $15,000.00 and that after Plaintiffs' counsel submitted proof of the injuries and damages sustained by Lorraine Symons, Plaintiffs settled for the full policy limits of $15,000.00. Id. at ¶ 19 and 20.

10. The Complaint avers that "(o)nce it was determined that Carrasquillo was grossly underinsured, the Plaintiffs, through their counsel, presented a claim to State Farm for UIM benefits under the aforesaid policies" and subsequently "submitted various medical records and reports, as well as items of special damages, to State Farm's claim representative." Id. at ¶ 21 and 22.

11. The Complaint further avers that State Farm has failed to:

- "objectively and fairly evaluate the Plaintiffs' UIM claim"; and,

- "reasonably investigate the Plaintiffs' claim in that a thorough and proper inquiry would have revealed that the female Plaintiff sustained serious and permanent

>       injuries which clearly warrant an offer well beyond the $30,000.00 offered by
>       State Farm's claim representative."

Id. at ¶ 30 through 32.

12. The Complaint contains two counts: Count I for Breach of Contract; and Count II for Bad Faith pursuant to 42 Pa.C.S. §8371 (in which attorneys fees and punitive damages, among other items, are claimed).

13. Defendant State Farm is an Illinois corporation in the business of insurance, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710, at the time of the commencement of this action as well as at the time of the filing of this Petition for Removal.

14. Thus, for purposes of diversity jurisdiction, State Farm is a citizen of the State of Illinois.

15. State Farm is filing this Notice of Removal in that diversity of citizenship exists between Plaintiff, a citizen of Pennsylvania, and State Farm, a citizen of Illinois.

16. In addition, the amount in controversy exceeds the jurisdictional amount of $75,000.00 because Plaintiff is demanding judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs of suit in the Count I Breach of Contract claim and is demanding judgment for compensatory and punitive damages in excess of Fifty Thousand Dollars ($50,000.00), plus interest equal to the prime rate of interest plus 3%, costs of suit and counsel fees in the Count II Bad Faith claim.

17. Section 8371 provides that a court may award punitive damages, interest, costs and attorney's fees if it determines that an insurer acted in bad faith toward the insured.

18. Although State Farm vigorously disputes punitive damages are warranted in this matter, punitive damages are properly considered in determining whether the amount in controversy has been satisfied.  Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala., 64 S.Ct. 5 (U.S. Ala. 1943); Henderson v. Nationwide Mutual Ins. Co., 169 F.Supp.2d 365, 368 (E.D.Pa. 2001)(attorney's fees, interest and "punitive damages are included in the amount in controversy if they are available to successful plaintiffs under a statutory cause of action")(*citing* Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)).

19. Removal is timely under 28 U.S.C. § 1446 (b), because less than thirty (30) days have elapsed since service of the Complaint on State Farm.

20. State Farm will give written notice of the filing of this Notice to Plaintiff, as required by 28 U.S.C. § 1446 (d).

21. A copy of this Notice will be filed with the Prothonotary of Luzerne County, as required by 28 U.S.C. § 1446 (d).

**WHEREFORE,** Defendant, State Farm Mutual Automobile Insurance Company, requests that this action proceed in this Court as a Civil Action properly removed.

                Respectfully submitted,

                **FORRY ULLMAN**

Dated:  05/16/18        By:    */s/ Gary A. Drakas*
                **GARY A. DRAKAS, ESQUIRE**
                *Attorney ID No. 73440*
                *Attorney for Defendant*
                One Bethlehem Plaza
                Broad and New Streets, Suite 400
                Bethlehem, PA  18018
                610.332-3400 / FAX 610.322.3401
                **gdrakas@forryullman.com**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LORRAINE SYMONS and | : | CIVIL ACTION |
| RUSSELL SYMONS, her husband, | : | |
| Plaintiffs | : | |
| | : | No. |
| vs. | : | |
| | : | ASSIGNED TO: |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 16th day of May, 2018, a true and correct copy of State Farm's Notice of Removal was served upon the Plaintiffs, by mailing the same to Plaintiffs' counsel of record, by United States First Class Mail, postage pre-paid, addressed as follows:

Stephen J. Fendler, Esquire
Fendler & Associates, P.C.
The Park Building
400 Third Avenue, Suite 309
Kingston, PA 18704

This statement is made subject to the penalties of 18 U.S.C. § 1621, relating to perjury.

**FORRY ULLMAN**

Dated: 05/16/18  By:  */s/ Gary A. Drakas*
**GARY A. DRAKAS, ESQUIRE**
*Attorney ID No. 73440*
*Attorney for Defendant*
One Bethlehem Plaza
Broad and New Streets, Suite 400
Bethlehem, PA 18018
610.332-3400 / FAX 610.322.3401
**gdrakas@forryullman.com**